**Leo DUNN, Executor of the Estate of Edith Albrecht**

v.

**The UNITED STATES of America.**

No. P–2900.

United States District Court
S. D. Illinois, N. D.

Jan. 29, 1968.

————◆————

London G. Middleton, Peoria, Ill., for plaintiff.

Daniel P. Mullarkey, Trial Attorney, Tax Division, Department of Justice, Washington, D. C., for defendant.

OPINION AND ORDER

ROBERT D. MORGAN, District Judge.

The motion for summary judgment by the plaintiff, executor of the estate of decedent Edith Albrecht, raises the question whether " * * * the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56, Federal Rules of Civil Procedure. The court, having carefully examined the pleadings, depositions, answers to interrogatories, and affidavits herein, finds that there is evidence in this case making possible reasonable inferences which would be consistent with either of the conflicting assertions of the parties on the ultimate issue of fact. Hence a genuine issue as to a material fact does appear to exist.

■ On motion for summary judgment, it is not for the court to choose between conflicting reasonable inferences from the evidence, even where, as here, the weight of the evidence may appear to weigh rather heavily in favor of one of the inferences.

> "The drawing of inferences arising out of the evidentiary facts—whether disputed or undisputed—is ordinarily for the fact finder. Thus, summary judgment must be denied if the evidence is such that conflicting inferences could be drawn. [Citations omitted.]" Sarkes Tarzian, Inc. v. United States, 240 F.2d 467, 470 (7th Cir. 1957).

■ It is undisputed that on January 19, 1959, Edith Albrecht gave her only child and his wife 11,548 shares of Household Finance Company stock worth roughly $500,000.00; that in 1961, she gave $3,000.00 each to her son, his wife, her granddaughter, her granddaughter's husband, and her great grandchildren; and that on December 8, 1961, Edith Albrecht died. As all the above gifts were made within three years of death, the

government asserts the presumption that they were made "in contemplation of death." The plaintiff, arguing that the gifts were made with a "life motive" rather than a "death motive," is suing for a refund of $184,902.16 in estate taxes, plus interest thereon from the date of payment.

It is apparent that the ultimate fact in this suit is the state of mind or intention of the donor in making these gifts, particularly the largest one. Evidence of intent must necessarily be largely circumstantial. From the obvious circumstances that Mrs. Albrecht was elderly, that she was in somewhat declining health, and that she had no prior history of substantial gift-giving, it could not be said to be out of the realm of reason to infer that a gift of the size of her first one here to her son was made as a substitute for testamentary disposition. See English v. United States, 270 F.2d 876, 881 (7th Cir. 1959).

On the other hand, the depositions and affidavits filed herein provide strong evidence that Mrs. Albrecht was not anticipating death but was in fact planning extended trips and otherwise looking ahead to life. Several of the deponents testified that the decedent had a long-standing promise to transfer a large block of stock to her son in exchange for his quitting his job and caring for her. There was also evidence that the large transfer was made in order to redistribute income within the family unit and thereby reduce income taxes, rather than to affect any estate. Persuasive as this evidence is, it must also be recognized that much of it comes from interested parties, the beneficiaries herein. While this does not necessarily weaken the testimony, it does point up the importance of the credibility of the witnesses, which the trier of the fact should be entitled to pass upon after seeing the witnesses and hearing them testify. The reasonable inferences simply are not all

one way. The 1961 gifts are less significant to both sides, but the disputed issue of fact is the same.

Plaintiff's motion for summary judgment is therefore denied.